UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYRUS BARNES,<br><br>                        Plaintiff,<br><br>-v-<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                        Defendant. | CIVIL ACTION NO.: 23 Civ. 7986 (SLC)<br><br>**OPINION AND ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Lewis Insler, Esq., counsel for Plaintiff Cyrus Barnes, moves for an award of $7,600.00 in attorneys' fees under 42 U.S.C. § 406(b) for work he performed to secure disability income benefits ("DIB") for Barnes. (ECF Nos. 15–17 (together, the "Motion")). For the reasons set forth below, the Motion is granted. Insler is awarded $7,600.00 in attorneys' fees under Section 406(b) and is ordered to refund to Barnes $3,098.06 in attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. BACKGROUND

Insler represented Barnes in this action for judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying Barnes DIB. (ECF Nos. 1 ¶ 4; 17-1 at 1 (the "Agreement")). Barnes was represented by other counsel in the administrative proceedings before the agency ("Administrative Counsel"). (ECF No. 16 at 2). Insler represented Barnes pursuant to a contingency fee agreement that provided for Insler to receive 25% of any past-due benefits awarded to Barnes. (ECF No. 17-1 ¶ 1). If Barnes was ultimately unsuccessful

in his pursuit of DIB, Insler would receive nothing under the Agreement. (Id. ¶ 5). The parties consented to Magistrate Judge jurisdiction (ECF No. 8), and on November 13, 2023, the Commissioner filed the administrative record (ECF No. 9). On December 8, 2023, the parties stipulated to remand the action to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 11). On December 20, 2023, the parties stipulated and agreed to an award to Barnes of attorneys' fees and costs in the amount of $3,098.06 under the EAJA. (ECF No. 14 (the "EAJA Fees")).

Following further agency proceedings on remand, on September 2, 2024, the Commissioner notified Barnes that he was found to be disabled and entitled to past due benefits of $84,283.00. (ECF No. 17-2 (the "Award Letter")). Barnes would receive $2,758.00 per month in DIB, from which the Commissioner is withholding $27,175.00 to pay a possible attorneys' fees request under Section 406(b). (Id. at 3).

On October 31, 2024, Insler filed the Motion, requesting attorneys' fees under Section 406(b) in the amount of $7,600.00 for the time he expended representing Barnes in this Court (the "Requested Fees").[1] (ECF Nos. 15–17). Insler states that he expended 14.16 hours on this action, comprised of review of the administrative record, client and opposing counsel communications, motion drafting, and preparation of fee requests. (ECF Nos. 17 at 2–3; 17-3). On October 6, 2024, the Commissioner filed a response, deferring to the Court's determination of the reasonableness of Insler's Requested Fees. (ECF No. 18 (the "Response")).

---

[1] Insler states that Barnes's Administrative Counsel requests $17,000.00 attorneys' fees. (ECF No. 17 at 2). Administrative Counsel's attorneys' fee request is not before the Court.

2

## III. DISCUSSION

### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[2]

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the results the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." Fields, 24 F.4th at 849 n.2, 853. To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Id. at 854. Courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve

---

[2] Internal case citations and quotation marks are omitted from case citations unless otherwise indicated.

3

that result." Id. at 854–55. The Second Circuit warned that "the windfall factor does not constitute a way of reintroducing the lodestar method[,]" and, in doing so, "indicate[d] the limits of the windfall factor." Id. at 854. A district court may reduce the amount provided for in a contingency fee agreement "only when [the court] finds the amount to be unreasonable" after considering all these factors. Id. at 852–53; see Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same); Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields analysis).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the amount of the smaller fee. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Brown, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

### B. Application

#### 1. Timeliness

As a threshold matter, Insler states that he received the Award Letter on October 29, 2024, and he filed the Motion two days later. (ECF Nos. 15; 17 at 2). Accordingly, the Motion is timely. See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and

4

runs from counsel's receipt of award notice); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

### 2. Reasonableness

Barnes retained Insler pursuant to the Agreement, which entitles Insler to receive up to 25% of Barnes's past-due benefits in attorneys' fees. (ECF No. 17-1 ¶ 1). The Requested Fees do not exceed the statutory cap in Section 406(b), there are no allegations of fraud or overreaching with respect to the Agreement, and the record does not reflect any purposeful delay by Insler. (See generally ECF No. 17). The Requested Fees are also consistent with the quality of and results from Insler's representation, which "obtained positive results" for Barnes, including a stipulated remand in this action and an award of past-due benefits. Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1, 2023).

The Court thus turns to the remaining question: whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]" Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). The Court must consider not just the de facto hourly rate but also the four Fields factors, set forth above. See 24 F.4th at 854–55. Insler seeks less than 25% of Barnes's past-due benefits, $7,600.00. (ECF Nos. 17 at 3; 17-2). At 14.16 hours of work, Insler's effective hourly rate in this matter is $536.72.[3] The Court finds that the Requested Fees are reasonable based on the following analysis of the Fields factors.

First—"the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854—courts in the Second Circuit have found that attorneys are generally compensated for twenty to forty hours of work in "routine" Social Security benefits

---

[3] $7,600.00 / 14.16.

cases. Molina v. Saul, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021) (quoting Torres v. Barnhart, No. 02 Civ. 9209 (AJP), 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007), and concluding, on facts similar to this case, that the 13.04 hours Insler expended on the plaintiff's federal social security case were reasonable). The 14.16 hours Insler expended on this action, which resulted in a favorable decision for Barnes, is comparable to that range. This factor, therefore, does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *2 (finding that experienced counsel's effective and efficient advocacy to bring about positive result did not justify downward adjustment in hourly rate).

Second—"the nature and length of the professional relationship with the client—including any representation at the agency level[,]" Fields, 24 F.4th at 855—Insler did not represent Barnes at the agency level, but the Commissioner does not object to the Requested Fees and the Requested Fees are reasonable in light of the time Insler expended on the federal case and the favorable decision Barnes attained. See Molina, 2021 WL 2117398, at *3 (awarding Insler attorneys' fees for 13.04 hours expended on the plaintiff's federal social security case and concluding Insler would not receive a windfall from the fee award even though he did not represent the plaintiff in the administrative proceedings). Therefore, this factor does not warrant a downward adjustment.

Third—"the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855—Insler "achieved a desirable result for [Barnes]." Munoz, 2023 WL 5310742, at *3. Although Barnes has not submitted any statement supporting or opposing the Motion, he received a substantial award of past benefits owed since 2020. (ECF No. 17-2). Thus, this factor does not warrant a

downward adjustment. See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4; Colon, 2023 WL 2237540, at *2.

Fourth—"how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855— the Court notes that, as in Munoz, "this case was not as uncertain as in Fields, where the plaintiff's benefits had been denied a second time, after the first remand by the district court." Munoz, 2023 WL 5310742, at *3; see Fields, 24 F.4th at 855. Here, like Munoz, "[Barnes] was awarded [DIB] after a single remand, making this case less uncertain." 2023 WL 5310742, at *3. At a minimum, obtaining the DIB benefits for Barnes "did not require multiple rounds of representation[,]" which "justifies a slight downward adjustment." Id. Barnes obtained DIB benefits after a single remand; thus, this factor does not justify a downward adjustment.

None of the Fields factors support a finding that the Requested Fees would constitute a windfall to Insler, nor does the resulting de facto hourly rate of $536.72—which is not dispositive, see Fields, 24 F.4th at 854—fall outside the range of de facto hourly rates approved by other courts in this Circuit. See, e.g., Janes v. Saul, No. 18 Civ. 5054 (GBD) (SDA), 2020 WL 7029173, at *4 (S.D.N.Y. July 28, 2020), adopted by, 498 F. Supp. 3d 540 (S.D.N.Y. 2020) (concluding $690 hourly rate was reasonable and "consistent with other" such awards in this Circuit) (collecting cases approving de facto hourly rates between $456.29 and $722.04); Bluet v. Comm'r of Soc. Sec., No. 19 Civ. 6323 (PKC), 2022 WL 160267, at *3 (E.D.N.Y. Jan. 18, 2022) (concluding $500 hourly rate was reasonable).

Finally, Insler must, on receiving an award of fees pursuant to Section 406(b), refund the EAJA Fees ($3,098.06) to Barnes. See Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once

7

appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

### IV. CONCLUSION

Accordingly, the Motion is **GRANTED**. Insler is awarded attorneys' fees of $7,600.00 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

Insler is **ORDERED**, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (i) refund to Barnes the $3,098.06 in attorneys' fees previously awarded under the EAJA, and (ii) file a declaration confirming such refund on the docket.

The Clerk of Court is respectfully directed to close ECF No. 15.

Dated:    New York, New York
          December 5, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge